Following a trial by jury, the petitioner, then 23 years of age, was convicted of:
Possession of Cocaine with Intent to Sell (§ 21a-278 (a);
Possession of Marijuana with Intent to Sell (§ 21a-277 (a);
Possession of Narcotics with Intent to Sell within 1500 feet of a school (§ 21a-278a(b).
He was sentenced to a term of 27 years on the first count, 5 years concurrent on the second count, and 3 years consecutive on the third count, for a total effective sentence of 30 years.
The factual basis for the conviction is as follows:
Pursuant to a search warrant, on February 21, 1992, state and local law enforcement officials executed a search of an apartment in Bridgeport that the defendant shared with Mary Dudac and Sean Lay. During the course of that search, the police seized a black duffel bag and a paper bag from a living room closet. Inside these bags police found 6002 vials containing a substance that appeared to be crack cocaine. The contents of two of the vials were field-tested and showed a positive reaction for cocaine. The total weight of the contents of all the vials was 443.21 grams, or approximately 14.223 ounces. Subsequently, fifteen of the 6002 vials were tested at the Connecticut department of health and addiction services. The contents were found to weigh a total of 1.07 grams, 0.92 grams of which was pure cocaine. The evidence officer who participated in the search testified that the cocaine was packaged in the vials for street sale.
While searching the kitchen cabinets, a police officer found a metal tin that contained a plastic bag filled with a plant-like substance. Another, larger, plastic bag found with the tin contained twenty-five small "zip-lock" bags containing a plant-like substance that appeared to be marijuana. The total weight of the zip-lock bags was 658 grams. The drugs were found within 1500 feet of a school. (See State v. Synakorn,239 Conn. 427 (1996). CT Page 2561
The petitioner had a prior conviction in 1991 for possession of narcotics for which he received a sentence of five years, execution suspended after two years probation for three years. (The probation was terminated when he was sentenced in the present case).
Counsel for the petitioner urges the Division to consider a sentence in the range of 70 to 87 months, which, he claims, would be the sentence imposed in a federal court under federal sentencing guidelines (approximately seven years and three months as the federal maximum). He posits there were no especially aggravating circumstances involved with this conviction, and, that under all the circumstances, this sentence is disproportionate.
In arguing for the propriety of the sentence, the state's attorney points out the petitioner was facing a maximum life sentence, and that he was on supervised home release from the previous sentence when he committed these offenses.
The petitioner, in his comments to the Division, maintains his innocence, which, of course, has been determined otherwise.
The argument that a federal court would have imposed a lesser sentence is not germane. State legislatures have the responsibility and authority to establish the severity of criminal activity within their borders. By legislating the possibility of a life sentence for a violation of § 21a-278 (a), our legislature has established that as a matter of public policy, this is indeed a very serious crime.
The Review Division must determine whether the sentence should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest, and the deterrent, rehabilitative, isolative and denunciatory purposes for which a sentence is intended. We have applied these criteria to our review of this sentence and find it is somewhat disproportionate under all of the circumstances including the very substantial quantity of narcotics, the age and character of the petitioner, as well as the other standards enumerated above.
We conclude that the appropriate and proportionate sentence should be as follows: CT Page 2562
Count 1 (Possession with intent to sell narcotics) 22 years.
Count 2 (Possession with intent to sell marijuana) 5 years — concurrent.
Count 3 (Possession with intent to sell narcotics 3 years, consecutive. Within 1500 feet of a school)
Total effective sentence 25 years.
This matter is remanded to the Superior Court for the Judicial District of Fairfield, for resentencing in accordance with this opinion.
Purtill, J. with Klaczak, J. and Norko, J.